## BUFFALO SUPERIOR COURT.

JAMES M. SMITH, receiver, agt. HIRAM E. HOWARD and others.

Equity will reform an assignment in trust for creditors, making preferences, where the draftsman has made a plain mistake in reducing to form the instructions or the *expressed* intent of the assignor, but not his *silent* intent.

But such an instrument will not be reformed upon the answer of the defendants, when all the persons interested in the assignment are not parties to the action.

The § 274 of the Code, that the judgment may grant to the defendant any affirmative relief, does not apply to cases where the proper parties are not before the court, and can only be brought in by cross action.

Evidence of mistake in reducing the assignment to writing is not admissible to explain away the fraudulent intent expressed upon the face of the instrument.

*November Special Term*, 1859.

ACTION to set aside the assignment set out in the case of Smith & Peters against the same defendants reported, *ante*, p. 121. In this case the defendants *set up in their answers* mistake in the draftsman in preparing the fifth clause, and asked to have it reformed. The case was tried before Justice MASTEN, at special term.

JOHN GANSON, *for plaintiff*.
S. G. HAVEN *and* J. L. TALCOTT, *for Howard, assignee*.
BROWN & ROGERS, *for assignors*.

MASTEN, Justice. In the case of Smith & Peters against these same defendants, this court, at the last general term, held the assignment of the 24th of February, 1857, made

by Thomas and Lathrop to the defendant, Howard, in trust for creditors, to be fraudulent and void. That decision went upon the ground, that the fifth clause afforded a conclusive presumption of an intent, on the part of the assignors, to hinder and defraud their creditors.

In this case the defendants set up in their answers, and claim that the fifth clause in the assignment, in the form in which it stands upon the face of the assignment, does not express the true intent of the assignors; and that the gentleman who drew the assignment made a mistake in expressing their intent.

To support this position, the defendants upon the trial, under objection, gave certain parol evidence.

It also appeared upon the trial, that there were quite a large number of creditors of the assignors, several of whom had recovered judgments, and commenced actions to set aside the assignment, and that in one of those actions the plaintiff therein had obtained judgment.

The defendants claim that parol evidence of mistake is competent for two purposes:

*First*,—By way of defence, to repel the presumption of a fraudulent intent in fact, afforded by the fifth clause.

*Second*,—To obtain a reformation of the assignment by way of affirmative relief in this action.

*First*,—I am of the opinion that the fifth clause of the assignment, so long as it stands upon the face of the assignment unreformed, affords a conclusive, and not a disputable presumption of a fraudulent intent in fact. And that parol evidence of a mistake in preparing the instrument, is not in this action admissible, by way of defence, to repel that presumption.

To admit such evidence, and to give effect to it, without reforming the instrument, would be to throw the plaintiff out of court, and to leave the fraudulent instrument to be executed in the form in which it was drawn. For, until it is reformed, the assignee must follow the instrument.

*Second*,—I am of the opinion that the assignment cannot be reformed in this action upon the answers of the defendants, by way of affirmative relief. The proper parties are not before the court. All of the creditors of the assignors, provided for in the assignment, joint and individual, are necessary parties to an action to reform the assignment.

If the fifth clause did not affect the whole deed, as it does, but only those creditors provided for in it, then they only would be necessary parties. But to this action those creditors even, are not parties; and to reform that clause would affect their rights by materially changing the distribution.

Nor are those persons parties to this action, who by their actions commenced, have acquired a lien.

The deed of assignment should not be reformed, except by a judgment which will be binding upon the assignors, the assignee and all the creditors provided for in the assignment.

These creditors can only be brought in by a cross action.

The provision of section 274 of the Code, that the judgment " may grant to the defendant any affirmative relief to which he may be entitled," does not apply to cases in which a complete determination of the controversy presented by the answer, and upon which the relief is demanded, cannot be had without the presence of other parties, who can only be properly brought in by the defendant by his cross action. In such cases the defendant is not " entitled" to affirmative relief.

Equity will, I think, reform an assignment in trust for the benefit of creditors, containing preferences, where the draftsman has made a plain mistake in reducing to form, the instructions, or the *expressed* intent of the assignors.

The legal right to create such trusts is well established, both at law and in equity.

If the trustee refuses to execute the trust, or becomes incompetent, or dies, equity takes up the trust and executes it.

But in order to reform such an instrument, the mistake must be clearly shown; and that the instrument does not truly express the directions given, or the intent of the parties expressed; and what such intent or directions in fact were.

If there be provisions in such an instrument upon a matter in respect to which the assignors gave no directions, nor expressed any intent, and which provisions they knew were contained in the instrument at the time they executed it, equity will not reform the instrument upon parol proof that the true construction of such provisions is different from the silent or secret intent of the assignors.

And this is all that the defendants have by their proofs been able to establish.

To reform such an instrument, equity will not be satisfied with proof of a silent or secret intent or design different from that conveyed by the instrument, but will require clear proof of an expressed one.

Upon the merits, also, I am of the opinion that the defendants are not entitled to a reformation of this clause.